Matter of Romeo C. (Perla P.) (2023 NY Slip Op 06435)

Matter of Romeo C. (Perla P.)

2023 NY Slip Op 06435

Decided on December 14, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 14, 2023

Before: Manzanet-Daniels, J.P., Oing, Moulton, Shulman, Rosado, JJ. 

Docket No. NN-10018-9/20 Appeal No. 1232 M-04154 Case No. 2023-02997, 2023-02998 

[*1]In the Matter of Romeo C. and Another, Children Under Eighteen Years of Age, etc., Perla P., Respondent-Respondent, Administration for Children's Services, Petitioner-Appellant. Jose C., Nonparty Respondent.

Sylvia O. Hinds-Radix, Corporation Counsel, New York (Karin Wolfe of counsel), for appellant.
The Bronx Defenders, Bronx (Saul Zipkin of counsel), for Perla P., respondent.
Law Office of Lewis S. Calderon, Jamaica (Lewis S. Calderon of counsel), for Jose C., respondent.

Order, Family Court, Bronx County (Ashley B. Black, J.), entered on or about June 14, 2023, which released the subject children to nonparty-respondent father with agency supervision and permitted respondent mother liberal unsupervised access with the children, including overnights at the father's home, unanimously modified, on the facts, to the extent of releasing the children to the nonparty-respondent father with agency supervision, conditioned on respondent mother being excluded from the home and her visitation with the children supervised, and otherwise affirmed, without costs.
The determination of Family Court with respect to the children's best interests lacked a sound and substantial basis in the record. A month prior to the challenged order, the court found that the mother neglected her daughter and derivatively neglected her son based on her opiate use during the pregnancy and the fact that the younger child had to be hospitalized for 44 days for neonatal abstinence syndrome. It further determined that the mother's explanation that she accidentally took methadone once several days before the child's birth to be incredible.
At the combined permanency/disposition hearing, there was little to no evidence that the mother had made any positive strides in overcoming the behavior that led to the neglect finding (see Matter of Madison H. [Demezz J. H.], 173 AD3d 458, 459 [1st Dept 2019]). The mother testified that she engaged in some substance abuse counseling. Nevertheless, she continued to minimize and rationalize the neglect and insist that she took methadone "inadvertently" one time, something that the court already found to be implausible and posed a risk to the children in her care. Furthermore, the mother had poor compliance with ACS's recommendations and failed to complete any portions of her service plan. Although she contended that she had been close to completing drug counseling, the records from the provider indicated that she had been discharged from the program several months prior for lack of attendance. Similarly, the mother missed 75% of the scheduled drug tests and had not submitted to any tests between March and June 2023.
 M-2023-04154 In the Matter of Romeo C. and Remy C. Motion to modify stay order, denied.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 14, 2023